UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GLENDA WAJER,

                                        Plaintiff,

              -against-                                    **NOTICE OF REMOVAL**

CITY OF NEW YORK, LT. JAMES MOONEY and          13 Civ. _____
CAPTAIN HOUGH, sued in their official and
individual capacities,

                                        Defendants.
------------------------------------------------------------------------ x

**TO:**      **THE UNITED STATES DISTRICT COURT,
         SOUTHERN DISTRICT OF NEW YORK**

              Defendants, by and through their attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, respectfully show this Court as follows:

              1.      On or about October 29, 2012, plaintiff commenced the above-entitled

action by filing, pending in Supreme Court of the State of New York, County of New York,

Index No. 157646/2012, naming the City of New York ("City"), Lieutenant James Mooney, and

Captain Gregg Hough, as defendants therein, and setting forth the claims for relief upon which

the action is based.  A copy of the Complaint, dated October 29, 2012, is annexed hereto as

Exhibit "A."

              2.      The above-captioned action is a civil action of which the United States

District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim

which arises under the laws of the United States, and a violation of plaintiff's federal civil rights

by defendants.  This action is therefore removable to the United States District Court without

regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.    Plaintiff brings this lawsuit claiming, <u>inter alia</u>, alleging claims pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Complaint, ¶¶ "69" through "78."

4.    Defendant Hough received this Complaint on May 17, 2013.

5.    All previously served defendants consent to the removal of this above-captioned action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1446(b).

6.    Defendants are unaware of any previous application for the relief requested herein.

**WHEREFORE**, City Defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:        New York, New York
              May 29, 2013

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                            City of New York
                                        Attorney for City Defendants
                                        100 Church Street, Room 2-144
                                        New York, New York  10007-2601
                                        (212) 788-8688
                                        acollyer@law.nyc.gov

                        By:    _____
                                        **ADAM E. COLLYER**
                                        Assistant Corporation Counsel

TO:    **Cronin & Byczek, LLP**
        Attorneys for Plaintiff
        1983 Marcus Avenue, Suite C120
        Lake Success, NY 11042

FILED: NEW YORK COUNTY CLERK 10/29/2012

NYSCEF DOC. NO. 1

INDEX NO. 157646/2012

RECEIVED NYSCEF: 10/29/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 157646/12

------------------------------------------------------------X

GLENDA WAJER,

                         Plaintiff,

         - against -

CITY OF NEW YORK, LT. JAMES MOONEY
And CAPTAIN HOUGH, sued in their official
And individual capacities,

                         Defendants.

------------------------------------------------------------X

Plaintiff designates
New York County as the
place of Trial

The basis of the venue designated
is: the location of the
defendants

To the above named Defendant(s):
**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy
of your answer, or if the complaint is not serve with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney, within twenty (20) days after the service of this
summons, exclusive of the day of service (or within thirty (30) days after the service is complete
if this summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for life demanded
in the complaint.

Dated: Lake Success, New York
         October 29, 2012

                                        CRONIN & BYCZEK, LLP
                                        Attorney for Plaintiff

                                        BY: _Rocco G. Avallone_
                                        ROCCO G. AVALLONE
                                        1983 Marcus Avenue
                                        Suite C-120
                                        Lake Success, NY 11042
                                        (516) 358-1700

TO:     City of New York
        New York City Law Department
        100 Church Street
        New York, NY  10007

        Lt. James Mooney
        Narcotics Borough Manhattan North

Captain Hough
Narcotics Borough Manhattan North

Defendants:

City of New York
New York City Law Department
100 Church Street
New York, New York  10007

Lt. James Mooney
Narcotics Borough Manhattan North
2768 8th Avenue
New York, New York  10039


Captain Hough
Narcotics Borough Manhattan North
2768 8th Avenue
New York, New York  10039

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
GLENDA WAJER,

                        Plaintiff,

       - against -

CITY OF NEW YORK, LT. JAMES MOONEY,
and CAPTAIN HOUGH, sued in their individual and
official capacities,

                        Defendants.
-------------------------------------------------------------X

**VERIFIED
COMPLAINT
WITH JURY DEMAND**

Index No.

      Plaintiff, by her attorneys CRONIN & BYCZEK, LLP, complaining of defendants, allege:

## NATURE OF ACTION

1.     This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by the United States Constitution, New York State Executive Law §296, the New York City Human Rights Law, the New York City Administrative Code §8-107, and providing for relief against discrimination in employment and to correct unlawful employment practices on the basis of the Plaintiff's race, sex, national origin and/or in retaliation for having filed complaints of harassment. This action also seeks relief for violations of the Civil Rights Acts 42 U.S.C. §§1981 and 1983.

2.     Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff and attorneys fees pursuant to 42 U.S.C. §1988.

## JURISDICTION

3.     The jurisdiction of this Court is invoked based upon the New York State Constitution, the Constitution of the United States, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. §2000e through 2000e(15) and the New York State Executive Law §296, and the New York City Human Rights Law. Furthermore, invoked pursuant to Federal questions.

4.      The rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and the exercise of free speech; provisions against race discrimination based on 42 U.S.C. §1981 and §1983 and Title VII and guidelines and rules promulgated thereunder, along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

## VENUE

5.      Venue exists in New York County of New York, and State of New York, based upon Defendants' place of business.

6.      Further, the causes of action accrued within New York State (specifically, within the City of New York) based upon the situs of all acts charged and based upon violations of United States Constitution, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law and Administrative Code.

## INTRODUCTION

7.      This is an action for equitable relief and money damages on behalf of the Plaintiff GLENDA WAJER who was deprived of her constitutional and statutory right as an employee, as a result of Defendants, THE CITY OF NEW YORK, LIEUTENANT JAMES MOONEY and CAPTAIN HOUGH'S racial, sex and national origin discrimination and/or retaliation for having filed complaints of harassment and adverse employment action.

2

## THE PARTIES

8.    Plaintiff GLENDA WAJER ("WAJER") was and at all times relevant a resident of the County of Bronx, New York whose principal place of work is Narcotics Borough Manhattan North located in New York City, New York.

9.    Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York.  CITY is authorized by law to maintain a Police Department (hereinafter NYPD) that acts as its agent and for which it is ultimately responsible.

10.    Defendant LIEUTENANT JAMES MOONEY ("MOONEY") was at all relevant times a Lieutenant for the New York City Police Department and is acting in such capacity at all times relevant herein.  Defendant MOONEY was at all relevant times Plaintiff's supervisor at Narcotics Borough Manhattan North and is sued in his individual and official capacity.

11.    Defendant CAPTAIN HOUGH ("HOUGH") was at all relevant times a Captain for the New York City Police Department and is acting in such capacity at all times relevant herein.  Defendant HOUGH was at all relevant times Plaintiff's supervisor at Narcotics Borough Manhattan North and is sued in his individual and official capacity.

## FACTS IN REGARDS TO PLAINTIFF WAJER

12.    Plaintiff WAJER is a dark skinned Hispanic female of Puerto Rican decent.  Her date of appointment was August 31, 1998.

13.    On January 1, 2003, Plaintiff was promoted to the rank of Detective 3rd Grade within the New York City Police Department ("NYPD").

14.    Throughout Plaintiff's employment with the New York City Police Department, she has always had an exemplary performance record maintaining evaluations of "superior/outstanding". Plaintiff has never been disciplined in this or any other employment. At the present time, she is the only female Detective on her team.

15.    Plaintiff has made numerous complaints, both to her direct supervisor as well as to the Internal Office of Equal Employment Opportunity within her agency, the New York City Police Department.

16.    Plaintiff has complained about the disrespectful treatment and harassment which created a hostile work environment, the failure to promote her to 2nd Grade Detective despite the fact that she had the highest activity on her team.

17.    As a result of her complaints to OEEO and directly to the individual Defendants, Plaintiff was retaliated for having filed an EEO complaint which has forced her to endure the offensive conduct which she is subjected to on a daily basis which has now become a condition of her continued employment.

18.    The conduct, which Plaintiff is forced to endure, is severe and pervasive, creating a hostile work environment that a reasonable person would consider intimidating, hostile and abusive.

19.    Plaintiff has made several complaints to the Defendants and finally filed a formal complaint with the internal OEEO of the New York City Police Department concerning this discrimination and retaliation. The earliest complaint was July 2008 and the most recent being September 30, 2009 and October 11, 2009.

20.    From the moment of Plaintiff's promotion to Detective – 3rd Grade, she has been treated differently than similarly situated non-Hispanic and male officers in the terms and conditions of her employment. Plaintiff has been subjected to a hostile work environment and

4

continuous discrimination based upon her race and gender. She is harassed and retaliated against for refusing to continue to work under these conditions and for filing complaints.

## HOSTILE WORK ENVIRONMENT

21.    Plaintiff has made several complaints to the internal OEEO office of the New York City Police Department which were not investigated.

22.    It is the custom and policy of the New York City Police Department's Office of Equal Employment Opportunity that all complaints be fully investigated. However, this policy does not seem to apply to the Plaintiff.

23.    Since Plaintiff's arrival at the Narcotics Borough Manhattan North, she has worked alongside Defendant MOONEY, a male, non-Hispanic Lieutenant. Defendant MOONEY has made no secret of the fact that he does not like Plaintiff because she is a woman and Hispanic. On one occasion in front of both civilian and sworn officers, Defendant MOONEY stated that "women should not be on this job".

24.    Defendant MOONEY consistently makes racist and sexist remarks about Plaintiff and her co-workers including but not limited to:

- "any female with a nice car has good child support payments" (Plaintiff is a single mother of three);

- "Your problems Wajer are because of your upbringing and the kind of family you come from";

- repeated questioning of a fellow Hispanic Detective of Dominican descent on his accent stating to others right in front of him "Does this guy even speak English" and "can these guys (referring to Hispanics) really grasp the English language";

- consistently referring to Plaintiff by her undercover name "LOCA" and mocking her to others in Plaintiff's presence "is she really crazy".

25. Plaintiff has had to endure inappropriate comments, for some time now from Defendant MOONEY. When Plaintiff informed MOONEY that she did not appreciate and agree with his negative racist and sexist opinions and remarks about Plaintiff and her co-workers or other citizens observed during tactical operations; that resulted in retaliation and adverse employment action.

26. The retaliation against Plaintiff began with Defendant MOONEY's refusal to prepare Plaintiff's line of duty injury report as a result of an injury she suffered while performing her duties as a Detective. Defendant MOONEY's refusal prevented Plaintiff from being able to recover from a work related injury, thus causing her to endure chronic pain since the event.

27. Despite Plaintiff's deteriorating health, she attempted to continue her duties because she was afraid of further retaliation if she did not go to work.

28. Subsequent to Defendant MOONEY's refusal to grant a line of duty injury designation to Plaintiff, Plaintiff spoke with her immediate supervisor, Sgt. Pope, who informed Plaintiff that even if Plaintiff wasn't assigned as the arresting officer to a specific arrest, Plaintiff still needed to come to work because of minimum manning issues related to tactical narcotics enforcement. Plaintiff informed Sgt. Pope that the team conducted tactical operations with below

6

minimum required staff numerous times under the supervision of Defendant MOONEY.

Plaintiff later discovered that Defendant MOONEY was privy to her conversation with Sgt.

Pope and as a result Sgt. Pope ordered Plaintiff into work rather than attend Court which is a

more desirable tour.

29.     In an attempt to resolve the harassing and adverse employment actions that were

being taken against Plaintiff, Plaintiff requested a meeting to speak with Defendant MOONEY.

MOONEY refused to speak with Plaintiff.    Plaintiff was later informed by her Union Delegate

that Defendant MOONEY informed him that he would not hurt Plaintiff if and only if Plaintiff

transferred out of his command.    This threat has caused Plaintiff, till this point, to be physically ill

when she has to come to work for Defendant MOONEY not knowing if he will put her in harms way

while performing her duties as an undercover officer.

30.     After some time of hoping that with time the retaliation, hostile work environment

and disparaging remarks would cease on its' own, Plaintiff realized that day would never come and

decided to phone the OEEO office of the NYPD on September 30, 2009 to complain about

Defendant MOONEY.

31.     Shortly thereafter, Defendant HOUGH, a White male, ordered Plaintiff into his

office and began questioning Plaintiff as to what her opinion was of Defendant MOONEY, in

violation of the NYPD's Rules and Regulations regarding complaints filed with OEEO.

32.     Fearful of being treated any worse then she had been, Plaintiff informed Defendant

HOUGH that she did not have anything to say to him regarding Defendant MOONEY.

Defendant HOUGH became visibly upset with Plaintiff and then began questioning her about an

alleged anonymous letter that was written about the midnight tours of which Plaintiff has no

knowledge. Defendant HOUGH then asked if Plaintiff had ever written a letter "about anyone or

anything".   Plaintiff then informed Defendant HOUGH that she was not the author of any letters

7

anonymous or otherwise.

## UNFAIR EVALUATION

33.     On May 15, 2009 Plaintiff received an excellent evaluation of 4.0 (5.0 being the highest) from Plaintiff's immediate supervisor, Sergeant David Nisthaus which was reviewed and signed by Defendant MOONEY.

34.     On September 30, 2009 Plaintiff filed her complaints against Defendant MOONEY with OEEO.

35.     As a result of Plaintiff's filing a complaint with OEEO against Defendant MOONEY, Plaintiff was informed that MOONEY was going to give her an Interim evaluation, (Interim evaluations are only given when a "Ratee" needs monitoring or has performance deficiencies).

36.     Shortly thereafter, Defendant HOUGH, in retaliation for Plaintiff not wanting to talk to him about her complaints that she filed with OEEO against Defendant MOONEY, informed Plaintiff that he agreed with Defendant MOONEY's request to give Plaintiff an Interim evaluation.

37.  Plaintiff then asked Defendant HOUGH what performance deficiencies she had that required her to be given a negative Interim Performance Evaluation.  Defendant HOUGH refused to provide Plaintiff with an explanation; only that Defendant MOONEY "would think of something".  Defendant HOUGH then ordered Plaintiff to leave his office.

38.     On October 21, 2009, Plaintiff received a negative Interim Evaluation from Defendant HOUGH just 21 days after logging her OEEO complaints.

## ADVERSE EMPLOYMENT ACTIONS

39.     Plaintiff was informed by some of her co-workers that Defendant MOONEY and HOUGH were conspiring to "get Wajer".

40.    Upon information and belief, both Defendants MOONEY and HOUGH were previously the subject of prior OEEO complaints by other officers for racial slurs and discrimination. Since that time, Plaintiff has also been subjected to numerous adverse employment actions in retaliation for Plaintiff's complaints, including, but not limited to, the following:

A.    Defendant MOONEY has used his position to assign Plaintiff extra duties when compared to her counterparts since Plaintiff won't tolerate his sexist and racial remarks about others.

B.    Desirous of working on "search warrant" cases to get greater experience to increase her promotional experience, Defendant MOONEY makes certain that Plaintiff does not get search warrants.

C.    Despite Plaintiff's six years of seniority, she is being forced to perform "rookie type" tasks or as Defendant MOONEY calls it, "female jobs" including, but not limited to acting as the "animal control" officer, taking care of sick kids, or "cuff and toss". Plaintiff is only permitted to perform "walk on" duties because she fits the profile – Hispanic or to carry the "Kelly" tool.

D.    Although male officers and non-Hispanics are permitted to wear sweat pants or shorts, Plaintiff is not.

E.    Plaintiff is constantly placed on "Vehicle and Inspection Book" while everyone else gets to do "investigative" work (investigative work entails more overtime opportunity and promotional experience).

F.  Every Friday Plaintiff is placed on the demeaning assignment of "prisoner van" which entails job duties assigned to rookie police officers.

G.  While attending Plaintiff's Grandmother's funeral on August 11, 2009, Defendant MOONEY called Plaintiff and directed that she report for duty despite having permission to attend the funeral and other detectives being available to cover her assignments.

## UNFAIR AND FRIVOLOUS DISCIPLINE

41.  Plaintiff has been subjected to numerous verbal disciplines which have been unwarranted and are clearly in retaliation for the filing of the OEEO complaints.

42.  Defendant HOUGH wrote Plaintiff up for negative vacation when another White male team member had 23 more negative vacation days and was not written up.

43.  Defendant HOUGH also wrote Plaintiff up for an alleged decline in her Activity. However, this is erroneous because Plaintiff has the highest activity on her team with 70 while the next closest activity of a team member is only 20.

44.  Defendant MOONEY falsely accused Plaintiff of forging her Form 28- "request for time off" which was made due to her father's surgery (Plaintiff's father helps with her child care) despite the signature of Sgt. Fernando Rodriguez.

45.  Defendant MOONEY criticized Plaintiff in front of the entire team for how she handle "KITE" cases when everyone handles them the same way and have never been criticized or disciplined.

46.  As a form of discipline, Defendants MOONEY and HOUGH placed Plaintiff on "CHRONIC A" sick report (upon information and belief one cannot be promoted while "Chronic

A" and continued placement on "Chronic A" can lead to discipline and termination), despite the fact that she clearly does not fit the criteria for such as outlined in the New York City Police Department Patrol Guide.

47.    Said conduct on the part of the Defendants were made in an effort to retaliate against Plaintiff for her filing of complaints with OEEO.

## FAILURE TO PROMOTE

48.    As previously stated Plaintiff has the highest Activity on her team and has been denied a promotion to 2nd Grade Detective.  The last set of promotions included male non-Hispanics who have less experience and seniority.

49.    In an attempt to falsely validate Defendants failure to promote Plaintiff, Plaintiff was erroneously placed on Chronic A status and given a negative Interim Performance Evaluation which adversely affected her ability to be promoted.

50.    Said actions by the Defendants were done intentionally and in retaliation for having filed complaints with OEEO and due to Plaintiff's race and gender.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

51.    PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "50" hereinabove as if more fully set forth at length herein.

52.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender, national origin and retaliation.

11

53.     Plaintiff alleges that based upon the foregoing, Defendants CITY, MOONEY and HOUGH discriminated against the Plaintiff based on her race, gender, national origin and retaliation.

54.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY, MOONEY and HOUGH. Plaintiff has suffered the indignity of race, gender and national origin discrimination and retaliation and great humiliation.

55.     Plaintiff alleges that because of Defendants CITY, MOONEY and HOUGH's violations, Plaintiff has been damaged.

### AS AND FOR A SECOND CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296

56.     PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "55" hereinabove as if more fully set forth at length herein.

57.     Plaintiff allege that New York State Executive Law § 296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race, gender and national origin.

58.     Plaintiff alleges that based upon the foregoing, Defendants created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

59.     Plaintiff alleges that Defendants created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

### AS AND FOR A THIRD CAUSE OF ACTION FOR RACE DISCRIMINATION IN VIOLATION OF NEW YORK CITY ADMINSTRATIVE CODE § 8-107

60.     PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

12

61.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and their association with minorities.

62.    Plaintiff alleges that based upon the foregoing, Defendants discriminated against the Plaintiff based upon her race, gender and national origin, and in retaliation for having filed complaints.

63.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of race, gender and national origin discrimination and retaliation and great humiliation.

64.    Plaintiff alleges that because of Defendant's violations, Plaintiff has been damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107

65.    PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "64" hereinabove as if more fully set forth at length herein.

66.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon race, gender, national origin and retaliation and other protected classifications.

67.    Plaintiff alleges that based upon the foregoing, Defendants created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

68.    Plaintiff alleges that Defendants' violations caused Plaintiff to sustain damages.

13

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT
### TO 42 U.S.C. § 1983 FOR EQUAL PROTECTION
### VIOLATION AGAINST THE INDIVIDUAL DEFENDANTS

69.     PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "68" herein above as if more fully set forth at length herein.

70.     All of the acts and conduct of the individual Defendants herein stated were done under color of State law and custom and practice while performing their duties as Supervisors for the New York City Police Department.

71.     The facts and circumstances cited above are in violations of Plaintiff's Fourteenth Amendment right under the Equal Protection Clause to be free from retaliation and harassment in her employment with NYPD.

72.     OEEO failed to properly investigate and address the allegations made by the Plaintiff of derogatory and racially motivated speech and actions by the individual Defendants and retaliation and harassment by both individual Defendants against the Plaintiff for her speaking out against the individual Defendants regarding their unlawful conduct.

73.     By these actions, the individual Defendants have jointly and separately deprived the Plaintiff of her rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

74.     Plaintiff alleges that the individual Defendants' violations caused Plaintiff to sustain damages.

### AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT
### TO 42 U.S.C. §1981 AGAINST ALL DEFENDANTS

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 74 with the same force and effect as if fully set forth herein.

76.     The aforementioned conduct on the part of the Defendants, was without cause or justification, and violated the Plaintiff's civil rights, privileges and immunities as guaranteed by

14

42 U.S.C §1981, in that such actions were taken by Defendants solely on account of the Plaintiff's color and race.

77.    The actions of Defendants, in depriving Plaintiff of her Constitutional and Civil Rights, as hereinbefore stated, was a willful and malicious act.

78.    Plaintiff alleges that because of Defendants' conduct, Plaintiff sustained damages.

## JURY TRIAL

79. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory damages from these Defendants CITY, MOONEY and HOUGH, and punitive damages from Defendants MOONEY and HOUGH jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: October 29, 2012
       Lake Success, New York

                                        Yours, etc.,

                                        CRONIN & BYCZEK, LLP
                                        Attorneys for Plaintiff

                                        BY: _____
                                        ROCCO G. AVALLONE
                                        1983 Marcus Avenue, Suite C-120
                                        Lake Success, New York 11042
                                        516-358-1700

15

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York affirms: that the undersigned is an associate of the law firm of CRONIN & BYCZEK, LLP, attorneys for the Plaintiff, in the within action; that the undersigned has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to his knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, he believes them to be true.

The undersigned further says that the reason this Verification is made by the undersigned, and not by the Plaintiff is that the undersigned's offices are located in a County other than where Plaintiff resides.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:    Lake Success, New York
          October 29,2012

ROCCO G. AVALLONE

13 Civ. _____

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GLENDA WAJER,<br><br>                               Plaintiff,<br><br>              -against-<br><br>CITY OF NEW YORK, LT. JAMES MOONEY and CAPTAIN HOUGH, sued in their official and individual capacities,<br><br>                            Defendants. |
| **NOTICE OF REMOVAL** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for City Defendants<br>100 Church Street, Room 2-144<br>New York, N.Y. 10007-2601<br><br>Of Counsel:    Adam E. Collyer<br>Telephone: (212) 788-8688<br><br><br>Matter No. 2013-000527 |
| *Due and timely service is hereby admitted.*<br><br>*Dated:* New York, N.Y.……………………………2013<br><br>Signed:  .........................................................................<br><br>Attorney for ........................................................... |